IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 11, 2001

## TERRY YATES v. THE CITY OF CHATTANOOGA, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 97-1000      Howell N. Peoples, Chancellor**

**FILED MAY 21, 2001**

**No. E2000-02064-COA-R3-CV**

Chattanooga Police Officer Terry Yates filed a petition for certiorari in the trial court, claiming that he was denied due process in connection with an adverse employment decision. Yates, who was demoted from the rank of sergeant in 1994, sought reinstatement to his former rank. An administrator initially reinstated him, but subsequently rescinded the reinstatement. Yates claimed that the rescission was a "demotion," and, consequently, demanded a hearing before the defendant City Council for the City of Chattanooga ("the City Council").[1] Following a hearing, the City Council found that the administrator did not have the authority to reinstate Yates to his former rank. This being the case, the City Council found that there had been no "demotion" by virtue of the subsequent rescinding of the reinstatement. The trial court agreed with the City Council and dismissed Yates' petition. He appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

W. Jeffrey Hollingsworth, Chattanooga, Tennessee, for the appellant, Terry Yates.

Arnold A. Stulce, Jr., Chattanooga, Tennessee, for the appellees, the City of Chattanooga and the City Council for the City of Chattanooga.

**OPINION**

---

[1]For convenience, we will refer to the defendants, the City of Chattanooga and its City Council, collectively as "the City Council."

## I.

Yates is employed by the City of Chattanooga Police Department. He has been with the Department since 1978. In 1988, he was promoted to the rank of sergeant. In 1994, Yates was involved in an altercation at a restaurant in Chattanooga. Following an investigation by the Internal Affairs Division of the Police Department and a decision by Safety Administrator Ervin Dinsmore, Yates was suspended without pay for 28 days and demoted from the rank of sergeant to that of patrol officer. This adverse employment decision was predicated upon a finding of conduct unbecoming a member of the Chattanooga Police Department and his failure to cooperate in a police investigation.

Yates appealed this decision to the City Council, which upheld the demotion but reduced the suspension to seven days. Yates sought further review in the Hamilton County Chancery Court, which also upheld the demotion. Yates then appealed to this Court, and we affirmed by way of a memorandum opinion. Our decision became final with the passage of time.

In late 1996, Yates approached Safety Administrator Dinsmore and requested reinstatement to his former rank, asserting that he had recently uncovered exculpatory evidence regarding the 1994 incident. After attempting and failing to contact Dinsmore to determine if he had reviewed the "new" evidence, Yates contacted Marti Rutherford, a member of the City Council. Rutherford phoned Dinsmore and discussed the situation with him. Dinsmore and Rutherford later broached the topic with the Mayor of Chattanooga. The Mayor instructed Dinsmore to "handle" the situation. Dinsmore subsequently sent the Mayor a letter dated May 13, 1997, requesting the reinstatement of Yates to the rank of sergeant effective May 9, 1997.

Chattanooga Personnel Director Donna Kelley, upon receiving documentation from Dinsmore, made adjustments to Yates' pay record and changed certain computerized records of the City, reflecting the change in Yates' status from that of patrol officer to that of sergeant. Yates, on May 14 and 15, 1997, wore his sergeant stripes and performed sergeant as well as patrol officer duties. On May 16, 1997, Yates went on a vacation that had been scheduled for a number of months.

Yates' reinstatement was reported to the City Council on May 13, 1997. While the reinstatement was not questioned at that time, the issue came up shortly thereafter when Councilman Leamon Pierce inquired as to Dinsmore's authority to grant such a reinstatement. City Councilman Rutherford then contacted City Attorney Randall Lee Nelson, seeking an opinion on the matter. In their initial conversation, Nelson informed Rutherford that the matter should be handled by Dinsmore and the Mayor rather than by the City Council. He did not comment on the more narrow question of whether the Mayor or Dinsmore had the authority to reinstate Yates. Later, Nelson was called upon to give his legal opinion regarding whether Dinsmore had the authority to reinstate Yates. He opined that Dinsmore "didn't have the power to do what he had done because there had been no promotional exam given, he had not gone through the promotional process and there was no provision under the city code for reinstatement to a former position based on the facts in this case…." Nelson informed Dinsmore and Yates of his opinion.

In a letter to the Mayor dated May 23, 1997, Dinsmore rescinded his reinstatement of Yates. On May 28, 1997, Personnel Director Kelley received a personnel form changing Yates' status from sergeant back to patrol officer. When Yates went to retrieve his first paycheck as a reinstated sergeant, he was told that he would have to sign that check and give it back to payroll, and that they would give him another check reflecting his status as a patrol officer.

Yates requested a hearing before the City Council. He took the position that the rescission of his reinstatement constituted a demotion. The City Council scheduled a hearing but later canceled it, at which point Yates filed the instant petition for certiorari, asserting a right to a hearing.

The trial court agreed with Yates and remanded for a hearing before City Council. At a hearing held on March 20, 2000, the City Council found that "[a]cting Police Administrator Dinsmore did not have authority to reinstate Officer Terry Yates to the rank of Sergeant and that, therefore,...Terry Yates was and has been a Patrol Officer in the Chattanooga Police Department during all relevant times." The trial court later upheld this decision. Yates now appeals, claiming that the rescission of his reinstatement to sergeant deprived him of due process.

II.

Our review of this matter is governed by T.C.A. § 27-9-114(b)(1) (2000), which provides as follows:

> Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

On the subject of judicial review, T.C.A. § 4-5-322 (1998) provides, in pertinent part, as follows:

> (g) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court.

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

> (1) In violation of constitutional or statutory provisions;

> (2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

In the instant case, Yates raises the issue of procedural due process. This is a proper basis for seeking review under T.C.A. § 4-5-322(h)(1).

III.

Reduced to its essence, Yates' argument is that Dinsmore, in rescinding his earlier reinstatement of Yates to the rank of sergeant, denied Yates his procedural due process rights. More specifically, he argues that his most recent "demotion" from the position of sergeant to the position of patrol officer was accomplished without a hearing,[2] contrary to due process. The City Council argues that Dinsmore had no authority to reinstate Yates to the position of sergeant, and that, because Yates never rightfully held the position of sergeant in 1997, he was not "demoted" from that position. Thus, the crux of the matter concerns Dinsmore's authority, or lack of authority, to reinstate Yates to the position of sergeant. If he had no such authority, there was no "demotion," unlawful or otherwise. On the other hand, if he did possess and properly exercise authority to reinstate Yates to sergeant, then we must determine whether his letter rescinding that reinstatement violated Yates' due process rights.

Before Dinsmore took the action that was later found to be invalid, Yates was a patrol officer. Thus, his elevation to the position of sergeant would had to have been by way of a promotion or by way of the challenged reinstatement. While Yates does not contend that his reinstatement amounts to a promotion, we will address the promotion procedure for the purpose of contrasting it to a reinstatement under the Charter of the City of Chattanooga.

The police department manual applicable to this case sets forth the procedure for promotion of police officers:

---

[2]The hearing that was conducted before the City Council concerned more Dinsmore's authority to reinstate Yates than the appropriateness of Yates' "demotion."

-4-

This manual order establishes a systematic procedure for selection and promotion of personnel to higher ranks with the Department.

It is the policy of the Chattanooga Police Department to promote on a basis of qualifications, ability, and performance. Qualifications for in-service promotions shall be based upon merit and fitness to be determined, so far as is practicable, by suitable, job-related, competitive, objective, written, and/or interview; physical fitness or ability examinations, where appropriate; and experience.

The first step in the promotion process is the written test, which "must be passed in order to proceed to the next step in the process." Yates did not take a written test in 1997. Thus, it is clear that Yates was not elevated to the position of sergeant by way of a "promotion." Therefore, his change in rank to sergeant, if it is to be effective, must be as a result of a valid reinstatement.

Yates argues that Dinsmore had the authority to reinstate him pursuant to Chattanooga City Charter § 13.50, which provides as follows:

Nothing in this Act will prohibit any discharged employee from being reinstated to his former position and rank at the same salary he was receiving when discharged.

He asserts that his demotion from sergeant to patrol officer in 1994 constitutes a "discharge" from the rank of sergeant and that, consequently, City Charter § 13.50 gives Dinsmore the authority to reinstate Yates to the position of sergeant without resort to the promotion process.

Section 13.50 is part of Title 13, Chapter III, of the Chattanooga Charter, which relates to the tenure of city firemen, policemen, and detectives. Section 13.44 provides that such public servants

shall not be discharged, or suspended for political or religious reasons or for any other unjust or arbitrary cause.

Section 13.49 provides that

[a]ny and all employees discharged, or suspended in the event that such employee or employees are proven innocent of said charges by the committee or any other of the courts will be reinstated at his position he held when charges were made, with full retroactive pay for the time lost.

When read in the context of Title 13, it is clear that § 13.50 provides simply for the reinstatement of a police officer *who has been wrongfully discharged from the force*. Obviously, that is not the case here. Yates has been a police officer, without interruption, since 1978.

We are of the opinion that City Charter § 13.50 does not give Dinsmore the authority to reinstate Yates to the position of sergeant under the facts of this case. Even if Yates' 1994 demotion from sergeant to patrol officer could be construed as a "discharge" under § 13.50, the Title 13 provisions merely allow one who believes that he or she has suffered an adverse employment decision to appeal his or her case. The initial appeal is to the City Council. The judgment of that body is subject to judicial review. If, at any step along the way, the reviewing entity agrees that the officer was wrongly "discharged" and, for the sole purpose of argument, we are here conceding Yates' interpretation of that word, the reviewing body may order reinstatement of that individual. These provisions do not, however, permit an officer to appeal his or her case through the system without success, and then appeal to an administrator, who may ignore the prior decisions and reinstate the officer.

We find that the record before us clearly supports the trial court's decision that Dinsmore did not have the authority to reinstate Yates to the position of sergeant. Furthermore, since Dinsmore had no such authority, there was no subsequent "demotion," unlawful or otherwise. We accordingly affirm the trial court's dismissal of Yates' petition for certiorari.

IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant.

_____
CHARLES D. SUSANO, JR., JUDGE

-6-